UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE 1861 GROUP, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:09CV435-DJS |
| | ) | |
| WILD OATS MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Now before the Court is defendant Wild Oats Markets, Inc.'s motion to dismiss [Doc. #8] Count VII of plaintiff The 1861 Group, L.L.C.'s complaint [Doc. #3]. This matter has been fully briefed and is ready for disposition.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Aschcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). A pleading that offers legal conclusions, a formulaic recitation of elements, or naked assertions devoid of factual enhancement does not suffice. <u>Id.</u>

To survive a motion to dismiss under Rule 12(b)(6), a

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Id.  A claim has facial plausibility when the alleged facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id.  When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly entitle the plaintiff to relief.  Id. at 1950.

## **FACTS**

The following are those well-pleaded facts in plaintiff's complaint that the Court accepts as true for purposes of defendant's motion to dismiss Count VII.  Plaintiff is a company that owns a shopping plaza called Lammert Center located at 8801-8845 Ladue Road, St. Louis, Missouri.  Defendant leased a portion of Lammert Center and operated a grocery business out of that space.

In March 2000, defendant advised plaintiff that it wanted to expand its operations and lease additional space in Lammert Center.  At that time, defendant occupied its portion of Lammert Center pursuant to a sublease with Schnuck Markets, Inc.  In response to defendant's interest in leasing additional space, plaintiff advised defendant that it would need to relocate other existing Lammert Center tenants to accommodate defendant's plan, which would in turn require plaintiff to terminate or modify

existing leases.  Plaintiff also advised defendant that it would need to negotiate modifications to lease agreements with several new tenants that were on the verge of agreeing to lease space at Lammert Center.  Plaintiff advised defendant that it would incur substantial costs and lost rent to accommodate defendant's plan.  Plaintiff advised defendant that expansion into new space would require defendant to terminate its sublease and sign a new lease.  Plaintiff advised defendant that by terminating the sublease and signing a new lease plaintiff would incur substantial costs and the loss of valuable corporate guarantees backing defendant's sublease.

As a result of its communications with plaintiff, defendant knew that plaintiff would incur significant costs, lost rents, and other losses in order to accommodate defendant's plan to expand.  Defendant promised plaintiff on several occasions that it would continue to negotiate in good faith to enter, ultimately, into a new lease.  Plaintiff relied on defendant's promises that it would negotiate in good faith and sign a lease in relocating two existing Lammert Center tenants, incurring costs associated with reconfiguring the rental spaces, terminating leases, and forgiving amounts owed to plaintiff in the process.  In addition to relocating other tenants, plaintiff incurred costs in connection with efforts to rework defendant's sublease.

In January 2001, plaintiff, defendant, and Schnuck Markets entered into a termination agreement, in which defendant's sublease with Schnuck Markets and Schnuck Markets's lease with

plaintiff would terminate if plaintiff and defendant were able to agree to a new lease by April 30, 2001. The parties agreed to extend that deadline to June 30, 2001, on April 17, 2001, but then on April 20, 2001, defendant cancelled its agreement to extend the deadline. On April 24, 2001, defendant advised plaintiff that it was not going forward with its plan to expand and that it did not intend to enter into a new lease. Defendant also orally advised plaintiff that its plan to expand was only temporarily postponed and that it would like plaintiff to reintroduce the issue of a new lease in one year. Approximately one year later, plaintiff approached defendant about the plan to expand and defendant's promise to negotiate a new lease. Defendant indicated orally that it was not yet ready to expand but would revisit the issue at some point in the future. Ultimately, plaintiff and defendant never agreed to a new lease, and plaintiff alleges that it is entitled to an award of damages of not less than $1,350,000 plus interest, attorney fees, expenses, and costs incurred as a result of its reliance on defendant's promises.

## DISCUSSION

In its instant motion, defendant moves the Court to dismiss Count VII, which is labeled as a claim for promissory estoppel by plaintiff. Defendant asserts that Count VII fails to state a claim for promissory estoppel upon which relief can be granted in that: (1) the Missouri statute of frauds requires any

4

contract for the lease of land for a period of greater than one year to be in writing and signed by the party against whom enforcement is sought; (2) Missouri does not recognize a promissory estoppel exception to the statute of frauds; and (3) an agreement to negotiate a future contract is not definite enough to support a claim for promissory estoppel. Plaintiff opposes defendant's motion arguing that: (1) the complaint alleges facts supporting the elements of a claim for promissory estoppel; (2) a promise to negotiate in good faith can support a claim for promissory estoppel; and (3) the statute of frauds is inapplicable because plaintiff is not seeking to enforce the terms of an oral lease.

Under Missouri law[1], to state a claim for promissory estoppel, a plaintiff must allege (1) a promise, (2) on which the plaintiff relied to its detriment, (3) in a way the promisor expected or should have expected, and (4) the reliance resulted in an injustice which can be cured only by enforcement of the promise. <u>Clevenger v. Oliver Ins. Agency, Inc.</u>, 237 S.W.3d 588, 590 (Mo. 2007) (en banc). The promise giving rise to the cause of action must be definite, and the promise must be made in a contractual sense. <u>Id.</u>

---

[1]Federal courts sitting in diversity apply the law, including the choice-of-law principles, of the forum state. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>Birnstill v. Home Sav. of Am.</u>, 907 F.2d 795, 797 (8th Cir. 1990). This case is before the Court under diversity jurisdiction. The parties apply Missouri law in their briefs, and neither argues for the application of a different state's law. Accordingly, the Court will apply the law of Missouri, the forum state of this Court.

Taking into consideration all of the well-pleaded facts and construing them in a light most favorable to plaintiff, plaintiff has alleged that: (1) defendant promised that if plaintiff made additional space in Lammert Center available to accommodate an expansion, defendant would enter into a new lease with plaintiff after a good faith negotiation of the terms; (2) plaintiff relied on this promise to its detriment when it incurred various costs to make the expanded space available to defendant; (3) defendant was aware of plaintiff's actions to make the expanded space available and was aware that plaintiff's actions were in response to defendant's promise; and (4) plaintiff would suffer the injustice of uncompensated expenditures made in reliance on defendant's promise if defendant's promise is not enforced. The Court finds that such allegations support each of the elements of a claim of promissory estoppel, notwithstanding the legal bars to recovery asserted by defendant in its motion to dismiss.

The first bar to recovery asserted by defendant is that "the statute of frauds bars actions upon oral agreements to enter into real estate leases for a period in excess of one year." Doc. #9, p. 4. The Missouri statute of frauds provides that:

> No action shall be brought ... upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them, or any lease thereof, for a longer time than one year ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith ... .

MO. ANN. STAT. § 432.010 (West 2009).

Plaintiff, however, did not bring an action upon a contract for the lease of an interest in land for a time longer than one year. Rather, plaintiff's action is upon a promise to negotiate the terms of a new lease in good faith. Such a promise does not fall within the Missouri statute of frauds, MO. ANN. STAT. § 432.010 (West 2009), and even if it did, plaintiff alleges that the promise was reduced to writing in the termination agreement entered into by the parties on January 22, 2001, and acknowledged again in writing by defendant's letter of April 17, 2001.

The case cited by defendant in support of its argument is distinguishable. In <u>Whaling v. Little Piney Oil Co.</u>, 623 S.W.2d 589 (Mo. App. 1981), the plaintiffs were evicted from a service station by the defendants. <u>Id.</u> at 591. The plaintiffs brought a breach of contract suit to recover the lost earnings from the years remaining on an alleged eight-year, oral lease. <u>Id.</u> The court held that the plaintiffs could not enforce the eight-year, oral lease and recover the lost profits it would have earned during the remaining years, reasoning that the statute of frauds barred the enforcement of the lease. <u>Id.</u> Unlike the plaintiff in <u>Whaling</u> in its promissory estoppel claim, plaintiff 1861 Group does not seek to enforce a multi-year oral lease by recovering what it would have earned during the term of that lease, and therefore, the statute of frauds and the holding in <u>Whaling</u> do not apply.

Defendant's next argument is that "Count VII fails to state a claim because Missouri does not recognize a promissory

7

estoppel exception to the statute of frauds in the context of promises to sell or lease real estate." Doc. #9, p. 5. This argument presupposes that the statute of frauds applies and that plaintiff's cause of action requires an exception to it in order to survive. But, as previously stated, the statute of frauds does not apply to the promise plaintiff seeks to enforce. Accordingly, this argument fails.

Defendant's final argument is that a promise to negotiate is not definite or certain enough to permit recovery. As stated previously, under Missouri law, for a promise to be actionable under a theory of promissory estoppel, it must be definite and made in a contractual sense. <u>Clevenger</u>, 237 S.W.3d at 590. That is, it must be "as definite and delineated as an offer under contract law." <u>Prenger v. Baumhoer</u>, 939 S.W.2d 23, 27 n.4 (Mo. App. 1997).

In this case, construing the well-pleaded allegations, which the Court must accept as true, in the light most favorable to plaintiff, the Court reads the allegations such that defendant promised that it would enter into a new lease if plaintiff made the necessary changes to Lammert Center. That promise was only limited by the requirement that both parties negotiate the terms of the lease in good faith, which is to say that defendant was not promising to sign any lease that plaintiff put in front of it. Rather, once defendant promised it would enter a new lease if plaintiff made the new space available, it was bound to make a good faith effort to reach an agreement on the terms of the lease.

8

Under these allegations, the Court finds that the alleged promise was sufficiently definite to support a claim for promissory estoppel. See Budget Marketing, Inc. v. Centronics Corp., 927 F.2d 421, 426-28 (8th Cir. 1991) (finding that promissory estoppel claim under Iowa law, which, like Missouri law, is based on Restatement (Second) of Contracts section 90(1), should survive summary judgment when plaintiff's evidence indicated that defendant made oral assurances that it would consummate a transaction, the plaintiff incurred substantial expense in preparing to close the transaction, the defendant was aware that plaintiff was incurring those expenses, and the defendant subsequently failed to close the transaction).

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count VII of plaintiff's complaint [Doc. #8] is denied.

Dated this ___3rd___ day of February, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE